UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ROSE FRANCIS,                                   :
                                                :
                        **Plaintiff,**         :
                                                :   04 Civ. 2687 (HB)
      - against -                           :
                                                :   <u>OPINION & ORDER</u>
ELMSFORD SCHOOL DISTRICT; WAYNE                 :
HARDERS; DR. CAROL FRANKS-RANDALL               :
and BOARD OF EDUCATION ELMSFORD                 :
SCHOOL DISTRICT,                                :
                                                :
                        **Defendants.**        :
-----------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

      Plaintiff, Rose Francis, filed a complaint alleging, *inter alia*, discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA"). Defendants Elmsford School District ("School District"), the Elmsford Board of Education ("Board"), Principal Wayne Harders ("Harders"), and Superintendent of Schools Dr. Carol Franks-Randall ("Franks-Randalls") (collectively "Defendants") moved for summary judgment. This Court dismissed the complaint as time-barred. Plaintiff appealed. The Court of Appeals found that the statute of limitations had not run because plaintiff had yet to receive a right-to-sue letter from the Equal Employment Opportunity Commission, and vacated and remanded for further proceedings as to the ADEA claim. For the reasons set forth below, defendants' original motion for summary judgment with regard to the ADEA claim is GRANTED, on different grounds.

### I.     BACKGROUND

      The facts of this case are set forth in detail in my August 4, 2004 Opinion and Order, familiarity with which is presumed. <u>Francis v. Elmsford School Dist.</u>, 2004 WL 1769980 (S.D.N.Y. Aug. 5, 2004). The following facts, taken from the Complaint unless stated otherwise, are undisputed. In short, plaintiff, an African-American woman in her sixties during the relevant period, began employment as an elementary school teacher in the Elmsford School District in 1986. Throughout the course of her employment, plaintiff taught Grades 1 through 5 in various

---

[1] Jenny Weng, a Spring 2006 intern in my Chambers and a third-year law student at Brooklyn Law School, provided substantial assistance in the research and drafting of this Opinion.

schools in the District. On July 24, 2002, after teaching second grade for three years, plaintiff, at this time 67 years old, was notified that she was reassigned to teach Academic Intervention Services ("AIS"), a program created for students who scored low on the state standardized tests. Plaintiff had no prior experience with this program and her transfer failed to provide a classroom assignment. A 25 year-old teacher was temporarily assigned to teach plaintiff's second-grade class. Defendant Harders, Principal of the Alice E. Grady School, told plaintiff that she was being transferred to the AIS class because there were concerns with her classroom performance. Plaintiff argues that she was transferred because of her age. Plaintiff also contends that, unlike the other teachers, she was not provided adequate supplies to work with, nor given a budget to purchase materials. However, after plaintiff complained about the lack of a budget, she was provided with a $100 budget for materials and additional supplies the following school year. As of the 2004-2005 school year, plaintiff taught AIS in a shared classroom. Francis Deposition Transcript, 42:17-20.

On February 5, 2003, plaintiff filed a State Department of Human Rights ("SDHR") complaint against the District that alleged a pattern of continuing age discrimination by Defendants. On December 29, 2003, the SDHR dismissed her complaint as insufficient to support her age discrimination claims. The plaintiff then filed her complaint with this Court on April 8, 2004 and expanded her allegations to include race and national origin discrimination.

## II.    STANDARD OF REVIEW

Defendant moved for summary judgment. Pursuant to the Federal Rules of Civil Procedure Rule 56, the movant on such a motion must establish that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A disputed issue of material fact alone is insufficient to deny a motion for summary judgment, the disputed issue must be "material to the outcome of the litigation," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In ruling on a summary judgment motion, the Court resolves all ambiguities and

2

draws all inferences against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (*per curiam*); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

### III.     DISCUSSION

Plaintiff brings age discrimination and hostile work environment claims against Defendants pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*.

*1. Age Discrimination Claim*

The ADEA prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Employees of forty years of age or older are covered under this provision. 29 U.S.C. § 631(a). Thus, the plaintiff, in her sixties at the time of these events, qualifies.

This Circuit analyzes ADEA discrimination claims under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jetter v. Knothe Corp., 324 F.3d 73, 75-76 (2d Cir. 2003). Plaintiff must first establish a prima facie case of age discrimination. See McDonnell, 411 U.S. at 802. If the plaintiff sets forth a prima facie case, the burden of going forward shifts to the employer to "articulate some legitimate, non-discriminatory reason for the employer's rejection." Id. If the employer is able to do so, then plaintiff must show that the stated reason is pretextual. Id.

To establish a prima facie case of discrimination, plaintiff must show that she 1) is a member of a protected class, 2) was qualified for the position held, 3) suffered an adverse employment action, and 4) the surrounding circumstances gave rise to an inference of discrimination. Id. While the 67 year-old plaintiff is clearly a member of a protected class, she does not satisfy the other elements required to set forth a prima facie case.

*1. Job Qualifications*

Defendants argue that plaintiff was unqualified to teach a second grade class. While plaintiff is clearly well-educated with an undergraduate and two masters degrees, the School District found, based in large part on observations by other teachers and that she was unable to maintain discipline or facilitate discussions, in sum, that she was not suited to teach elementary school classes. Defendant Harders, Principal of the Alice Grady School, stated that the plaintiff was reassigned to AIS due to her poor performance as an elementary school teacher over the

years. Harders Aff. ¶ 9. Defendant Franks-Randalls, Superintendent of the District, confirmed this understanding.

> Q: Did Mr. Harders ever maintain to you that Ms. Francis was in any way ineffective as a teacher?
>
> . . .
>
> A: He indicated that there were issues surrounding discipline and there were issues surrounding some questioning techniques. . . .
>
> Q: Did he give any specific instances of names and dates or anything like that?
>
> A: There were some observations in Ms. Francis' file which substantiated those complaints.

Deposition of Franks-Randalls, 43:19-25, 44: 2-11.

Plaintiff's job evaluations, along with parental complaints over the years, lend support to Superintendent Franks-Randall's assessment of the plaintiff's skills. Evaluations of the plaintiff's teaching ability document areas where plaintiff needed to improve her skills. For example, a review of plaintiff's first grade reading class, conducted on February 9, 1987, noted that plaintiff did not provide enough guidance to her students.

> In reference to the higher group – the group that was working independently for the hour or so I was in the room, they appeared to need much more direction from either Mrs. Francis or the teacher aide. Once that group finished their simultaneous oral reading, they, too, worked in workbooks – independently. They had many questions to ask the teacher aide, and many of them were distracted and not "really working."

Pymm Aff., Ex. 2, at Ex. C, Observation Reports. Another evaluation of plaintiff's fourth grade mathematics class, conducted on February 10, 1995, noted that the plaintiff's lesson plans did not appear particularly challenging or beneficial.

> I am aware that the range of student abilities in your classroom is vast and situations like this always present challenges for teachers. Nevertheless, I did not see this lesson profiting either the bright or needy student.

Id. Again, a March 22, 2001 evaluation of plaintiff's fifth grade Social Studies class noted concern with the plaintiff's responses to her students. In that report, the following suggestions were provided:

4

- When a child provides information that is correct, perhaps you should provide positive reinforcement rather than stating that the child should not "read your thoughts."

- If a child asks a question, and you do not know the answer, you may want to use that teachable moment to provide information on ways the child can research the answer and hopefully inform the class.

- Perhaps the stress on exact historical dates should be lessened. It is more important for the children to know time periods when events occurred.

Id.

Other evaluations noted that homework assignments did not reflect the topic discussed in class, assignments appeared excessive given the time allotted (for example, one assignment consisted of: 61+ questions, workbook pages, and a current event article), and plaintiff failed to return assignments in a timely fashion. See Id. at Ex. B, Letter from Harders to Francis Regarding Follow-up to Social Studies Discussion (March 15, 2001) (recounting feedback given to plaintiff following observation of March 9, 2001 Social Studies class and suggesting, among other things, that graded homework assignments should be returned at the next class and assignments should relate to the topic discussed in class). Other evaluations question the grading criteria used to assess the student's work. In one instance, both Defendant Harders and a parent questioned the grade given on a particular assignment: "This paper meets all of your informational requirements. Why did it get a 'C'?" Id. On another assignment, plaintiff gave the student a grade of 'C-' for failure to follow the directions. Her evaluator's comment notes, "Yes he did!" Id. All of this feedback was provided to the plaintiff shortly after each evaluation occurred.

In short, these events raise questions as to plaintiff's qualifications as an elementary school classroom teacher.

*2. Adverse Employment Action*

But even assuming plaintiff was qualified to teach traditional elementary school classes, plaintiff has failed to show she experienced an adverse employment action. An adverse employment action is a materially adverse change in the terms and conditions of an individual's employment which may include: "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly

diminished material responsibilities, or another indices . . . unique to the particular situation." See Richardson v. New York State Dep't of Correctional Serv., 180 F.2d 426, 446 (2d Cir. 1999). The change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. Galabya v. New York City Bd. Of Educ., 202 F.3d 636, 640 (2d Cir. 2000)).

Here, plaintiff does not allege that her salary, benefits or tenure were affected by her reassignment. Instead, even though there were no classrooms available at the time of her reassignment, plaintiff claims that her transfer from teaching in a classroom to teaching in a noisy hallway (a situation which was remedied early on) qualifies as a materially adverse employment action. While unfortunate, today in this State and likely others, classrooms are overcrowded and oftentimes, unavailable. This is not enough to establish a material adverse change. See Weisman v. The New York City Dept. of Educ. et al., 2005 U.S. Dist. LEXIS 15728, at * 22-23 (S.D.N.Y. 2005) (holding that an assignment to the hallway unaccompanied by any tangible loss of benefits does not support an adverse action).

*3. Inference of Discrimination*

But critical to the plaintiff's case – and what she completely fails to do – is demonstrate a nexus between her teaching reassignment and her age. In other words, plaintiff does not to show that her reassignment occurred under circumstances that give rise to an inference of discrimination. Plaintiff does not demonstrate that she was assigned to teach AIS in the hallway because of her age, nor does she even suggest that age was a factor in the decision. Further, she does not claim that Defendants ever made any age-related comments at all, not to mention in reference to her. In fact, investigators at the New York State Department for Human Rights interviewed four colleagues of the plaintiff, all over the age of 55, and they unanimously stated that Defendant Harders did not make age-related comments or pressure them to retire due to their age. Pymm Aff., Ex. 4. The mere fact that plaintiff was in her sixties at the time of the challenged employment action, without more, does not give rise to an inference of age discrimination. See, e.g., Corcoran v. GAB Business Services Inc., 723 F. Supp. 966, 969 (S.D.N.Y. 1989) ("Neither the comments nor plaintiff's age alone is sufficient to establish an inference of discrimination.").

There is no evidence in the record that plaintiff was discriminated against because of her age. For the above reasons, plaintiff has not made out a *prima facie* case of age discrimination.

*2. Hostile Work Environment*

To state a claim for hostile work environment, the plaintiff must allege that her work environment was abusive. Harris v. Forklift, 510 U.S. 17, 22 (1973). Specifically, plaintiff must show that she is 1) a member of a protected class, 2) suffered unwelcome harassment, 3) was harassed because of her membership in a protected class, and 4) the harassment was sufficiently severe or pervasive to alter conditions of her employment and create an abusive work environment. Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 65 (1986). The court looks at the totality of the circumstances to determine harassment – the frequency and severity of the conduct, whether the conduct was physically threatening or humiliating, and whether the behavior interferes with an employee's performance. Harris, 510 U.S. at 23.

The plaintiff, 68 at the time of filing, is a member of a protected class. However, plaintiff failed to show that she suffered any harassment related to her age. She does not allege that any Defendant ever made a single comment about her age. Rather, plaintiff's hostile work environment claim consists of allegations that Defendants assigned her to teach a class for which she had no training, in a noisy and cold hallway for two years. This is not enough. The standard to show a hostile work environment is demanding, and plaintiff must prove that the conduct was offensive, pervasive and continuous. See, e.g., Kotcher v. Rosa & Sullivan Appliance Ctr., 957 F.2d 59, 62-63 (2d Cir. 1992); Murphy v. Bd. of Educ. of the Rochester City. Such. Dist., 273 F. Supp.2d 292, 312 (W.D.N.Y. 2003) (holding that "difficult or stressful working conditions are not tantamount to a hostile work environment.").

As such, plaintiff failed to prove that she suffered harassment at the hands of the Defendants because of her age.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted as to the age discrimination and hostile work environment claims for all Defendants. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**May 23, 2006**

_____
U.S.D.J.

7